IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria, Virginia

| | |
|---|---|
| **Thomas E. Leadon,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 1:04cv768 |
| ) | |
| **Stephen A. Perry, Administrator,** ) | |
| **General Services Administration,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Preliminary Statement**

Plaintiff Thomas E. Leadon is a GS-14 contracting officer with the Federal Systems Integration and Management Center ("FEDSIM"), part of the Federal Technology Service ("FTS") of GSA. Plaintiff was over the age of 40 at all relevant times. Plaintiff claims he was denied promotional opportunities because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. Plaintiff cites two specific positions for which he applied at the GS-15 level, each of which were filled by individuals at least ten years younger than plaintiff. Count I refers to the position of Director of Acquisition and Count II refers to the Operations Manager position. The selectee for the Director of Acquisition position was Stephen Viar, and the selectee for the Operations Manager position was Stacey Lowenberg.

**Findings of Fact**

1. FEDSIM Director Timothy McCurdy had primary responsibility for the selections at issue.

2. Mr. McCurdy's deputy, Ms. Lisa Akers, also participated in the selection decisions.

3. Both Mr. McCurdy and Ms. Akers testified that they were seeking the best qualified candidate for each position, and that knowledge of the Federal Acquisition Regulations (FAR), leadership skills, and interpersonal skills were the relevant skills for each position.

  4. Mr. McCurdy testified that Stephen Viar was the best qualified candidate for the Director of Acquisition position.

  5. Ms. Akers testified that Stephen Viar was the best qualified candidate for the Director of Acquisition position.

  6. Mr. McCurdy testified that he considered plaintiff the least qualified applicant for the Director of Acquisition position because plaintiff lacked the requisite interpersonal and leadership skills.

  7. Mr. McCurdy testified that Stacey Lowenberg was the best qualified applicant for the Operations Manager position.

  8. Ms. Akers agreed that Ms. Lowenberg was the best candidate for the Operations Manager position.

  9. Mr. McCurdy testified that he considered plaintiff the least qualified applicant for the Operations Manager position.

  10. Mr. McCurdy testified that age played no role in his decision to select Mr. Viar for the Director of Acquisition position or Ms. Lowenberg for the Operations Manager position.

  11. Ms. Akers testified that age was not a consideration in any of the selections she had ever been involved with.

  12. The court finds the testimony of Mr. McCurdy and Ms. Akers credible.

**Conclusions of Law**

  A. ADEA cases are governed by the burden shifting framework established in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). First, a plaintiff must establish a prima facie case by a preponderance of the evidence. The burden of production then shifts to the employer to articulate a non-discriminatory reason for its employment decision. If the employer satisfies this burden, the plaintiff must then meet his ultimate burden of persuading the trier of fact that defendant's stated reasons for the employment decision are pretextual. In order to establish a prima facie case of age discrimination, a plaintiff must prove by a preponderance of the evidence

that (1) he was in the age group protected by the ADEA; (2) he applied for and was qualified for the position; (3) despite his qualifications, he was not selected; and (4) the selectee was substantially younger than plaintiff. *Stokes v. Westinghouse Savannah River Co.*, 206 F.3d 420 (4th Cir. 2000); *Dugan v. Albemarle County Sch. Bd.*, 293 F.3d 716 (4th Cir. 2002).

   B.  Plaintiff established a prima facie case of age discrimination by a preponderance of the evidence.  He proved that he was a member of the class protected by the ADEA (over 40); that he applied for and met the technical qualifications of each GS-15 position for which he applied; that despite his qualifications, he was not selected for the positions; and that selectees for both of the positions were substantially younger than plaintiff.  (Mr. Viar was 40 years old at the time of his selection and Ms. Lowenberg was 38 at the time of her selection; plaintiff was 51 at the time of Mr. Viar's selection and 54 at the time of Ms. Lowenberg's selection).

   C.  Defendant presented legitimate, non-discriminatory reasons for its decisions not to select plaintiff for the GS-15 positions.  As found above, both Mr. McCurdy and Ms. Akers believed plaintiff was not the best qualified candidate for either position because he lacked the interpersonal and leadership skills necessary to succeed at the positions.  Mr. McCurdy and Ms. Akers also believed that plaintiff lacked the ability to successfully manage risks.  Mr. McCurdy and Ms. Akers testified credibly that age did not play a role in the selections at issue.  They thought that Mr. Viar and Ms. Lowenberg were the best candidates for the positions.

   D.  Plaintiff failed to prove that defendant's stated reasons for the employment decisions were pretextual.  The perception of the decision makers is the essential issue in this case. Plaintiff testified as to his own opinion, and provided opinion testimony of his friends and colleagues regarding the selections at issue.  However, the opinions of plaintiff and co-workers who were not selecting officials are of marginal, if any, relevance to plaintiff's claim.  *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274 (4th Cir. 2000).  Plaintiff's evidence merely establishes that reasonable people could disagree about whether plaintiff was the most qualified applicant for the GS-15 positions.  Plaintiff failed to persuade the court that the selecting officials, Mr. McCurdy

and Ms. Akers, based their decisions to any extent on age discrimination. Rather, the court finds from defendant's evidence that Mr. McCurdy and Ms. Akers sincerely believed that plaintiff was not the best candidate for either the Director of Acquisition or the Operations Manager position.

For the foregoing reasons, judgment will be entered for defendant.

                                              /s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

May 5, 2005
Alexandria, Virginia